### No. 350
### WELLS et v. GATCH, Admr. et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2723. Decided Dec. 28, 1925

1271. WILLS—Where intention of testator is to have "next nearest heirs" mean "children"; and where a child dies before death of mother so that property reverts to testators children after mother's death; husband of deceased child takes no interest in property.

CUSHING, J.

Samuel Wells died in 1899 survived by his wife; and Florence, Percy and Mabel Wells, his children. He left a will which is the subject of this litigation.

Mabel Wells married George Baer and died

in 1905. There were no children. Adelia Wells, wife of the testator, died in 1924. The question is, what if any interest Baer has in the property bequeathed in item three of the will, which is in part as follows:

"I give to my wife Adelia, a life interest in $25,000, interest to go to her during her natural life and at her death the principal to revert to my children or their nearest heirs - - - etc." The Hamilton Common Pleas held in favor of Baer and the administrator Lewis Gatch. On Appeal, the Court of Appeals held:

1. The will gave the wife the property for life limiting her interest to the right to use the interest therefrom; and then provides that, "at her death the principal to revert to my children or their next nearest heirs."

2. By this it is shown that it was not the testator's intention that the property vest in his children at his death.

3. Therefore Mabel Wells Baer never had any title to or interest in the property and George Baer could not inherit an interest that his wife did not have unless he was an heir within the provision—"revert to my children or their next nearest heirs."

4. "Next nearest heirs" and "legal heirs" was intended by the testator to mean "children" and as but two of his children survived his wife, Adelia Wells, they took the property when it reverted to "my children."

5. Under this view of the case George Baer did not come within the class designated as "next nearest heirs".

Judgment reversed and entered in favor of Percy and Florence Wells.

Attorneys—John Weld Peck for Wells et; Gatch, McLaughlin & Gatch for Gatch; and Henry Baer for George Baer; all of Cincinnati.